HENNING BRUHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19929.    Promulgated April 24, 1928.

*Mason Williams, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

**OPINION.**

Love: The only contested issue involved in this proceeding is whether or not the loss was sustained by the petitioner in 1923 or 1924. That the loss was sustained, was not controverted. The Commissioner contended that the loss was not sustained until the sale was made of the assets of the corporation in the early part of 1924, at which sale the assets brought less than the outstanding obligations of the corporation.

The petitioner was not present and did not testify at the hearing. If there were any efforts made to sell the stock here involved in

1923, there is no evidence in the record of such an effort. The receiver's balance sheet, dated as of December 31, 1923, gives the book value of the assets as $922,946.54 with liabilities aggregating the amount of $516,473.79, leaving a margin of $406,472.75, which amount, or any part thereof over and above subsequent expenses of the receivership proceedings, would become available for dividends on stock.

It is true that the receiver served notice that the book values were inflated, and that such assets would not sell for the values shown by the books. However, that conclusion of the receiver falls short of the definite character of proof required in cases of this kind. We can not deal in speculations or mere possibilities. A conservative business man may have been justified, in 1923, in arriving at the conclusion that those assets would not sell for their book value, or in his judgment would not sell for the amount of the indebtedness, and yet that is not sufficient proof to determine, judicially, that they would not sell at a proper future date for enough to pay off the debts, with something left to be applied to stock.

Under the evidence as disclosed by the record, the petitioner failed to overcome the legal presumption of the correctness of the Commissioner's determination and we therefore approve such determination.

*Judgment will be entered for the respondent.*